943 F.2d 52
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
TREBMAL CONSTRUCTION, INC., Plaintiff-Appellant Cross-Appellee,
v.
DOVER ELEVATOR COMPANY, Defendant-Appellee Cross-Appellant.
 Nos. 89-4126, 90-3018.
 United States Court of Appeals, Sixth Circuit.
 Aug. 29, 1991.
 
 Before RYAN and ALAN E. NORRIS, Circuit Judges and JOHN W. PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff, Trebmal Construction, Inc., appeals the judgment of the district court rendered upon a jury verdict in favor of defendant, Dover Elevator Company, in its breach of warranty suit. Tremal argues that the district court erred by submitting demonstrative exhibits to the jury during deliberations, and by precluding the admission of evidence of certain damages. In its cross-appeal, Dover challenges the district court's rulings denying its motion for a directed verdict, and admitting hearsay evidence.
 
 I.
 
 2
 In 1980, Trebmal contacted Dover about modernizing the elevators in a hotel Trebmal planned to convert into an office building. The parties entered into a contract, which includes this limitation concerning Dover's obligations: "We shall in no event be liable for damages or delay nor for any consequential, special or contingent damages for breach of warranty." They also entered into a contract under which Dover would service the new elevator system.
 
 
 3
 When Trebmal expressed its concern that Dover's proposed elevator system would not be adequate, Dover reassured Trebmal that the system would perform as warranted. After installation was completed, Trebmal communicated to Dover its dissatisfaction with the performance of the elevators. Dover evaluated the elevators and maintained that they were performing as warranted. Trebmal claimed Dover warranted that the elevator system would be adequate for a building population of 2,200, while Dover claimed the system was only warranted to serve up to 1,070 people. Trebmal proceeded to remodel the service elevators in the building to accommodate the building's population and withheld payment on the service contract. It also filed suit against Dover for breach of express warranty, breach of implied warranty, and negligence. Dover counterclaimed for breach of the service contract. In a partial summary judgment, the district court dismissed all of Trebmal's claims except the breach of express warranty claim. The court also determined that the money Trebmal expended in remodeling the elevators was consequential damages.
 
 
 4
 During opening statements and closing arguments, both parties used demonstrative exhibits that were not admitted into evidence. With regard to these exhibits, the district court instructed the jury as follows:
 
 
 5
 There are certain charts that are not in evidence.... Some of the big charts here won't come with you in the jury room. However, if during your deliberation, you'd feel a necessity to see any of those charts, just let me know and I'll have them sent in. But they are not in evidence....
 
 
 6
 Neither party objected to these instructions. Later, when the jury requested a chart prepared by Dover containing the chronology of events, the court complied.
 
 II.
 
 7
 Trebmal argues that the district court's submission of the demonstrative exhibits to the jury during deliberations was a secret communication constituting reversible error. It asserts that the communication was secret because the parties were not notified at the time of the jury's request and because no contemporaneous record of the event was made.
 
 
 8
 The district court, through its instructions to the jury, placed Trebmal on notice that if the jury requested a chart during deliberations, the court would comply. These instructions were accompanied by cautionary instructions reminding the jury that the charts were not evidence, but could be used to the extent that they might aid in deliberations. Trebmal did not object to this procedure.
 
 
 9
 There is no indication, in the record before us, that there was any secret communication between the district court and the jury. According to the record, the trial judge, upon the jury's written request, sent the chart prepared by Dover. The court made a record of that event when it informed the parties of the jury's request. At that point, Trebmal made no effort to expand the record by seeking from the court such information as the language of the jury request, the details of how the chart was actually conveyed to the jury, or any comments that may have been made by the court. Accordingly, the record demonstrates only that the jury requested a chart and that, pursuant to a prearranged procedure, the judge sent the chart without comment. Under these circumstances, no prejudice has been demonstrated.
 
 
 10
 In view of our disposition of this issue, we do not reach Trebmal's second issue concerning damages. Dover concedes that the issues raised in its cross-appeal are defensive in nature, so they need not be addressed either.
 
 
 11
 For the foregoing reasons, the judgment of the district court is affirmed.